Exhibit 2

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | ) Chapter 11 |
| **In re KDP Bellefonte, Inc.,** | ) Case No. 4-16-00543 |
| Debtor. | ) |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF BAKER TILLY VIRCHOW KRAUSE, LLP AS ACCOUNTANT AND FINANCIAL ADVISOR TO THE DEBTOR

Upon the application (the "Application") of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order") authorizing the Debtor to employ and retain Baker Tilly Virchow Krause, LLP ("Baker Tilly") as Accountant and Financial Advisor all as more fully set forth in the Application; and upon the Wagner Declaration in support of the Application; and after due deliberation, it is HEREBY ORDERED THAT:

1. The Application is approved as set forth herein.

2. The Debtor is authorized pursuant to section 327(a) of the Bankruptcy Code to employ and retain Baker Tilly as Accountant and Financial Advisor, in accordance with the terms and conditions set forth in the Application and Baker Tilly's Engagement Letter attached to the Wagner Declaration, as modified pursuant to the terms of this Order.

3. The terms and conditions of Baker Tilly's employment as provided in the Application, including the compensation and expense reimbursement arrangements, are hereby approved. Baker Tilly will be compensated and reimbursed pursuant to sections 330 and 331 the Bankruptcy Code subject to the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, and any other applicable orders of this Court.

4. Notwithstanding anything in the Engagement Letter to the contrary, the indemnification provisions in the Engagement Letter as revised by the Wagner Declaration are approved, but only subject to the following modifications:

    a. Baker Tilly will not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services other than those described in the Application, unless such services and indemnification therefor are approved by the Bankruptcy Court;

    b. The Debtor will have no obligation to indemnify Baker Tilly, or provide contribution or reimbursement to Baker Tilly, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Baker Tilly's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtor alleges the breach of Baker Tilly's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which Baker Tilly should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

    c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Baker Tilly believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Baker Tilly must file an application therefor in this Court, and the Debtor may not pay any such amounts to Baker Tilly before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court will have jurisdiction over any request for fees and expenses by Baker Tilly for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify Baker Tilly. All parties in interest will retain the right to object to any demand by Baker Tilly for indemnification, contribution or reimbursement.

Case 4:16-bk-00543-JJT    Doc 54    Filed 10/24/16    Entered 10/24/16 13:49:11    Desc
Main Document    Page 2 of 3

5. To the extent there may be any inconsistencies between the terms of the Application, the Engagement Letter, the Wagner Declaration, and this Order, the terms of this Order shall govern.

\* Execution of this Order approving employment is not a guarantee that payment will ultimately be approved in any amount from the estate. Such compensation is dependent on the consideration of a final application for fees. *In re Engel*, 124 F.3d 567 (3rd Cir. 1997).

Dated: October 21, 2016

By the Court,

John J. Thomas, Bankruptcy Judge
(RPR)